BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-06-0407-CR


NO. 07-06-0408-CR


NO. 07-06-0409-CR


NO. 07-06-0410-CR


NO. 07-06-0411-CR


NO. 07-06-0412-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 14, 2007


______________________________



ELI EDWARDS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;



NOS. 4294, 4295, 4296, 4297, 4298, 4299; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Eli Edwards (appellant) appeals his criminal convictions. Per two extensions of the
deadline previously granted him, his appellate briefs were due by February 8, 2007, with
the admonition that no further extensions would be granted. Yet, instead of filing the
appellate brief in each cause, counsel has again filed another motion for extension of time. 
This court informed appellant that failure to comply with the February 8th deadline would
result in the appeals being abated and remanded to the trial court. 

 Consequently, we abate the appeals and remand the causes to the 31st District
Court of Wheeler County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant is indigent; 


 2. whether appellant desires to prosecute the appeals; and


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief in each cause. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.
Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent
defendant is entitled to the effective assistance of counsel on the first
appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeals, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeals. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before March 16, 2007. Should
additional time be needed to perform these tasks, the trial court may request same on or
before March 16, 2007.

 It is so ordered.

 Per Curiam

Do not publish.


 

 Brian Quinn

 Justice




Do not publish.
1. The motions are entitled as follows: 1) "Motion Rule 22. Arrest of Judgment," 2) "Motion Request
Appointed Counsel, Rule 6.4(B)," 3) "Motion Formal Bills of Exception Rule 33.2," 4) "Motion Rule 32.2
Supplemental Statements" (this motion requests that appellant be allowed to correct statements made in the
docketing statement filed with this court), 5) "Motion Rule 69.Action of Court on Petition for Discretionary
Review and after Granting Review," 6) "Motion New Trial on Rule 44.2 Reversible Error in a Criminal Case
(a) Constitutional Error," and 7) "Motion New Trial Article 40.001 on Material Evidence, Rule 22.6 Granting
Rule 31.1, Rule 31.2, Rule 296 Finding of facts, Rule 51.2 Judgment of Acquittal."